UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
CITY OF ST. CLAIR SHORES : 
POLEICE AND FIRE RETIREMENT :
SYSTEM, Individually and On Behalf :
of All Others Similarly Situated, :
 :
                   Plaintiff, :   No.: 2-25-cv-12383-DPH-CI
 :
         v. :
 :   Hon. Denise P. Hood
LINEAGE, INC., ADAM FORSTE, :
KEVIN MARCHETTI, WALTER :
GREGORY LEHMKUHL, ROBERT :
CRISCI, ABIGAIL FLEMING, :
SHELLY ARCHAMBEAU, JOHN :
CARRAFIELL, JOY FALOTICO, :
LUKE TAYLOR, MICHAEL JOHN :
TURNER, LYNN WENTWORTH, :
JAMES WYPER, BAY GROVE :
CAPITAL GROUP LLC, MORGAN :
STANLEY & CO. LLC, GOLDMAN :
SACHS & CO. LLC, BofA :
SECURITIES, INC., J.P. MORGAN :
SECURITIES LLC, and WELLS :
FARGO SECURITIES, LLC, :
 :
                  Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STIPULATION REGARDING SERVICE OF COMPLAINT AND DEFENDANTS' TIME TO ANSWER, MOVE OR <u>OTHERWISE RESPOND TO THE COMPLAINT</u>**

WHEREAS, on August 1, 2025, Plaintiff City of St. Clair Shores Police and Fire Retirement System ("Plaintiff") filed the complaint in the above-captioned

action (the "Action" or the "Complaint"), a putative class action arising under the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, against Defendants: (i) Lineage, Inc. ("Lineage"); (ii) Adam Forste, Kevin Marchetti, Walter Gregory Lehmkuhl, Robert Crisci, Abigail Fleming, Shellye Archambeau, John Carrafiell, Joy Falotico, Luke Taylor, Michael John Turner, Lynn Wentworth, James Wyper (the "Individual Defendants"); (iii) Bay Grove Capital Group LLC ("Bay Grove"); and (iv) Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., J.P. Morgan Securities LLC, and Wells Fargo Securities, LLC (the "Underwriters", along with Lineage, the Individual Defendants, and Bay Grove, collectively, the "Defendants");

WHEREAS, on August 1, 2025, Plaintiff caused to be published "in a widely circulated national business-oriented publication or wire service" the notice of this Action required by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i) (the "Notice");

WHEREAS, on August 8, 2025, Plaintiff served the Complaint on Lineage, Bay Grove, and the Underwriters;

WHEREAS, Plaintiff deferred service of the Complaint on the Individual Defendants in order to afford them time to secure legal counsel who could accept service;

WHEREAS, as part of this stipulation, counsel for all Defendants hereby agree to accept service of the Complaint on behalf of all of the Defendants;

WHEREAS, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(ii), the deadline to seek appointment as lead plaintiff and approval of lead counsel is September 30, 2025, or 60 days after the date on which the Notice was published;

WHEREAS, the Court must consider any lead plaintiff motions no later than 90 days after the Notice is published, 15 U.S.C. § 78u-4(a)(3)(B)(i);

WHEREAS, it is unclear at this time which putative class members will ultimately have the authority to act on behalf of the putative class and whether the Court-appointed lead plaintiff will adopt the Complaint as the operative complaint or file an amended complaint that becomes the operative complaint;

WHEREAS, the parties agree that, in the interests of judicial economy, conservation of time and resources, and orderly management of the Action, no response to any pleading in this Action, including any motion brought pursuant to Rule 12 of the Federal Rules of Civil Procedure, should occur until after the Court appoints a lead plaintiff and lead counsel pursuant to the PSLRA and an operative complaint is filed or identified; and

WHEREAS the parties agree that, following the Court's appointment of a lead plaintiff and lead counsel, a briefing schedule should be established with respect to any motion that Defendants may bring pursuant to Rule 12 of the Federal Rules of Civil Procedure.

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for Plaintiff and the attorneys for Defendants, subject to approval of the Court, as follows:

1.  Undersigned counsel for Defendants are authorized to accept, and hereby do accept, service of the Complaint in this Action, without prejudice to and without waiver of any defenses, objections, or arguments in this matter or any other matter, including without limitation any arguments regarding personal jurisdiction or venue, except as to absence of a summons or the sufficiency of service of process of the Complaint.

2.  No Defendant named in the Complaint shall be required to answer, move or otherwise respond to the Complaint, and each hereby is expressly relieved from answering or otherwise responding to the Complaint, or to any other subsequently filed complaints until after the appointment of lead plaintiff(s), absent further order of the Court; and

3.  Within fourteen (14) days following entry of an order by the Court appointing a lead plaintiff(s) in this Action (or a consolidated action encompassing the above-captioned action) pursuant to 15 U.S.C. § 78u-4(a)(3), counsel for the Defendants and lead counsel shall confer and propose to the Court: (i) a date by which lead plaintiff(s) shall file a consolidated amended complaint that shall serve as the operative complaint in this Action and shall supersede any other complaints

filed herein, or notify counsel for the Defendants that the Complaint—or a complaint filed in a related action—will be designated as the operative complaint in this Action; (ii) a date by which Defendants shall answer, move or otherwise respond to the operative complaint; and (iii) in the event Defendants move to dismiss the operative complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, a date by which lead plaintiff(s) shall file opposition papers and Defendants shall file reply papers to Defendants' motion(s).

4. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that any party may have with respect to the claims set forth in the Complaint filed in this Action.

5. There have been no requests for an extension of time previously made in this matter.

*(Signatures begin on following page.)*

Dated: August 27, 2025

 /s/ Thomas C. Michaud
Thomas C. Michaud (P46787)
VANOVERBEKE, MICHAUD &
   TIMMONY, P.C.
79 Alfred Street
Detroit, Michigan 48201
Tel.: (313) 578-1200
tmichaud@vmtlaw.com


ROBBINS GELLER RUDMAN &
   DOWD LLP
Brian E. Cochran
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel.: (619) 231-1058
bcochran@rgrdlaw.com


Samuel H. Rudman
58 South Service Road, Suite 200
Melville, NY 11747
Tel.: (631) 367-7100
srudman@rdrdlaw.com

*Counsel for Plaintiff
City of St. Clair Shores Police and Fire Retirement System*

Respectfully submitted,

 /s/ Scott R. Knapp
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, Michigan 48933
Tel.: (517) 371-1730
sknapp@dickinson-wright.com
bhubbard@dickinson-wright.com


SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
Winston P. Hsiao*
Peter B. Morrison*
2000 Avenue of the Stars, Suite 200N
Los Angeles, CA 90067
Tel.: (213) 687-5600
winston.hsiao@skadden.com
peter.morrison@skadden.com

Scott Musoff
One Manhattan West
New York, NY 10001
Tel.: (212) 735-3000
scott.musoff@skadden.com

*Admission forthcoming

*Counsel for Defendants Lineage, Inc., Adam Forste, Kevin Marchetti, Walter Gregory Lehmkuhl, Robert Crisci, Abigail Fleming, Shellye Archambeau, John Carrafiell, Joy Falotico, Luke Taylor, Michael John Turner, Lynn Wentworth, James Wyper, and Bay Grove Capital Group LLC*

6

   /s/ Amy D. Roy
ROPES & GRAY LLP
Amy D. Roy
J. William Piereson*
800 Boylston St.
Boston, MA 02199
Tel.: (617) 951-7000
amy.roy@ropesgray.com
will.piereson@ropesgray.com

Gregg L. Weiner*
Lisa H. Bebchick*
1211 Avenue of the Americas
New York, NY 10036
Tel.:  (212) 596-9000
gregg.weiner@ropesgray.com
lisa.bebchick@ropesgray.com

*Admission forthcoming

*Counsel for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., J.P. Morgan Securities LLC, and Wells Fargo Securities, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
CITY OF ST. CLAIR SHORES : 
POLICE AND FIRE RETIREMENT : 
SYSTEM, Individually and On Behalf : 
of All Others Similarly Situated, : 
 : 
      Plaintiff, : No.: 2-25-cv-12383-DPH-CI
 : 
   v. : 
 : Hon. Denise P. Hood
LINEAGE, INC., ADAM FORSTE, : 
KEVIN MARCHETTI, WALTER : 
GREGORY LEHMKUHL, ROBERT : 
CRISCI, ABIGAIL FLEMING, : 
SHELLY ARCHAMBEAU, JOHN : 
CARRAFIELL, JOY FALOTICO, : 
LUKE TAYLOR, MICHAEL JOHN : 
TURNER, LYNN WENTWORTH, : 
JAMES WYPER, BAY GROVE : 
CAPITAL GROUP LLC, MORGAN : 
STANLEY & CO. LLC, GOLDMAN : 
SACHS & CO. LLC, BofA : 
SECURITIES, INC., J.P. MORGAN : 
SECURITIES LLC, and WELLS : 
FARGO SECURITIES, LLC, : 
 : 
      Defendants. : 
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER REGARDING DEFENDANTS' TIME TO
<u>ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT</u>**

  The Stipulation Regarding Defendants' Time to Answer, Move or Otherwise Respond to the Complaint having been considered, and good cause appearing therefore,

8

IT IS HEREBY ORDERED:

1.      Effective of the date of this Order, all Defendants are deemed to have been served the Complaint already filed in this Action (ECF No. 1), without prejudice to or waiver of any of their defense, objections, or arguments in this matter or any other matter, including without limitation any arguments regarding personal jurisdiction or venue, except as to absence of a summons or the sufficiency of service of process of the Complaint.

2.      No Defendant named in the Complaint shall be required to answer, move or otherwise respond to the Complaint, and each hereby is expressly relieved from answering or otherwise responding to the Complaint, or to any other subsequently filed complaints until after the appointment of lead plaintiff(s), absent further order of the Court; and

3.      Within fourteen (14) days following entry of an order by the Court appointing a lead plaintiff(s) in this Action (or a consolidated action encompassing the above-captioned action) pursuant to 15 U.S.C. § 78u-4(a)(3), counsel for the Defendants and lead counsel shall confer and propose to the Court:  (i) a date by which lead plaintiff(s) shall file a consolidated amended complaint that shall serve as the operative complaint in this Action and shall supersede any other complaints filed herein, or notify counsel for the Defendants that the Complaint—or a complaint filed in a related action—will be designated as the operative complaint in this Action;

9

(ii) a date by which Defendants shall answer, move or otherwise respond to the operative complaint; and (iii) in the event Defendants move to dismiss the operative complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, a date by which lead plaintiff(s) shall file opposition papers and Defendants shall file reply papers to Defendants' motion(s).

4. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that any party may have with respect to the claims set forth in the Complaint filed in this Action.

IT IS SO ORDERED.

Dated: August 28, 2025

s/Denise Page Hood
United States District Judge