# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br>                    Plaintiff, <br><br> vs. <br><br> LINEAGE, INC., ADAM FORSTE, KEVIN MARCHETTI, WALTER GREGORY LEHMKUHL, ROBERT CRISCI, ABIGAIL FLEMING, SHELLYE ARCHAMBEAU, JOHN CARRAFIELL, JOY FALOTICO, LUKE TAYLOR, MICHAEL JOHN TURNER, LYNN WENTWORTH, JAMES WYPER, BAY GROVE CAPITAL GROUP, LLC, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, BofA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, and WELLS FARGO SECURITIES, LLC, <br><br>                    Defendants. | Case No.: 2:25-cv-12383-DPH-CI <br><br> Hon. Denise Page Hood <br><br> Magistrate Judge Curtis Ivy, Jr. <br><br> **CLASS ACTION** <br><br> **ORAL ARGUMENT REQUESTED** |

*(caption continues on next page)*

**MOTION FOR CONSOLIDATION OF RELATED ACTIONS**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI and INDIANA PUBLIC RETIREMENT SYSTEM, on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>LINEAGE, INC., ADAM FORSTE, KEVIN MARCHETTI, WALTER GREGORY LEHMKUHL, ROBERT CRISCI, ABIGAIL FLEMING, SHELLYE ARCHAMBEAU, JOHN CARRAFIELL, JOY FALOTICO, LUKE TAYLOR, MICHAEL JOHN TURNER, LYNN WENTWORTH, JAMES WYPER, BAY GROVE CAPITAL GROUP, LLC, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, BofA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, and WELLS FARGO SECURITIES, LLC,<br><br>     Defendants. | Case No.: 2:25-cv-13544-DPH-CI<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge Curtis Ivy, Jr.<br><br>**CLASS ACTION**<br><br>**ORAL ARGUMENT REQUESTED** |

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi ("MSPERS") and Indiana Public Retirement System ("Indiana," and with MSPERS, the "Pension Funds") respectfully move this Court for consolidation of the above-captioned related actions: *City of St. Clair Shores Police and Fire Retirement System v. Lineage, Inc.*, No. 2:25-cv-12383 (E.D. Mich. filed Aug. 1, 2025) (the "*St. Clair Shores* Action"); and *Public Employees' Retirement System of Mississippi v. Lineage, Inc.*, No. 2:25-cv-13544 (E.D. Mich. filed Nov. 6, 2025) (the "*MSPERS* Action," and with the *St. Clair Shores* Action, the "Related Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Rule 42").  The Penson Funds' Motion is based upon the accompanying supporting Memorandum of Law.  A [Proposed] Order is attached hereto.

WHEREFORE, the Pension Funds respectfully request that the Court: (1) consolidate the Related Actions pursuant to Rule 42; and (2) grant such other relief as the Court may deem just and proper.

1

## **STATEMENT OF ISSUES PRESENTED**

1. Whether the Related Actions should be Consolidated, pursuant to Rule 42?

    Pension Funds' answer: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR THE RELIEF SOUGHT

1. The Private Securities Litigation Reform Act of 1995's lead plaintiff provision, 5 U.S.C. § 77z-1(a)(3)(B) (which governs the selection of lead plaintiff and lead counsel).

2. Rule 42(a) of the Federal Rules of Civil Procedure (which governs consolidation of related actions).

3. *City of Hialeah Emps.' Ret. Sys. v. Scotts Miracle-Gro Co., N.V.*, No. 2:24-cv-3132, 2025 WL 669537 (S.D. Ohio. Mar. 3, 2025).

4. *Franchi v. SmileDirectClub, Inc.*, No. 3:19-cv-962, 2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020).

## MEMORANDUM OF LAW

The Pension Funds respectfully submit this brief pursuant to Rule 42, in support of their Motion for an order: (1) consolidating the Related Actions; and (2) granting any such other and further relief as the Court may deem just and proper.[1]

### I.  BACKGROUND

On August 1, 2025, the *St. Clair Shores* Action was filed, alleging that Lineage, Inc. ("Lineage"), certain of its officers and directors, Lineage's previous owner Bay Grove Capital Group, LLC, and underwriters of Lineage's July 2024 Initial Public Offering ("IPO") violated Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 77k and 77o) by issuing false and misleading statements and failing to disclose material facts in the Registration Statement issued in connection with the IPO (*see St. Clair Shores* Action, ECF No. 1 at PageID.1-32).  On September 30, 2025, pursuant to the PSLRA, two competing

---

[1] All definitions and abbreviations used herein remain unchanged from the Pension Funds' lead plaintiff motion and brief in support thereof, unless otherwise indicated. *See St. Clair Shores* Action, ECF No. 17 at PageID.245-387.  All citations and internal quotations are omitted, and all emphasis is added, unless otherwise noted. Pursuant to Local Rule 7.1(a)(1), the Pension Funds conferred with the parties prior to filing this motion for consolidation of the *St. Clair Shores* Action and the *MSPERS* Action.  Defendants do not oppose consolidation but reserve all other rights and defenses.  Movant Brandon S. McConnell takes no position on consolidation. Plaintiff City of St. Clair Shores Police and Fire Retirement System does not oppose consolidation.

1

motions for appointment as lead plaintiff and approval of selection of counsel were filed in the *St. Clair Shores* Action (ECF No. 16 at PageID.112-244 and ECF No. 17 at PageID.245-387). On October 14, 2025, the Pension Funds filed a notice of unopposed motion to their motion for appointment as lead plaintiff and approval of selection of lead counsel (ECF No. 21 at PageID.396-399).[2] A hearing on the lead plaintiff motion is set for December 10, 2025, before Judge Denise Page Hood and Magistrate Judge Curtis Ivy, Jr. ECF No. 19 at PageID.392.

On November 6, 2025, the Pension Funds filed the *MSPERS* Action, alleging that the same defendants named in the *St. Clair Shores* Action violated Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o (*see MSPERS* Action, ECF No. 1 at PageID.1-35).[3] The *MSPERS* Action alleges identical false and misleading statements in Lineage's IPO Registration Statement as the *St. Clair Shores* Action, and was filed for the purpose of clarifying the definitions of the Lineage IPO, the offering documents used in connection with the IPO, and the Class, and to preserve Securities Act claims under Section 12(a)(2),

---

[2] On October 9, 2025, Brandon S. McDonnell, the only other competing movant, filed a notice of non-opposition to the Pension Funds' motion for appointment as lead plaintiff and approval of selection of lead counsel (ECF No. 18 at PageID.388-391).

[3] On November 14, 2025, pursuant to Local Rule 83.11, an order was entered directing the Clerk to reassign the *MSPERS* Action to the docket of the Honorable Denise Page Hood and to Magistrate Judge Curtis Ivy, Jr. *See MSPERS* Action, ECF No. 21.

while the Pension Funds' lead plaintiff motion in the *St. Clair Shores* Action is pending (*MSPERS* Action, ECF No. 1 at PageID.2 n.1).

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Rule 42(a) specifies that consolidation is appropriate when actions "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a); *see also City of Hialeah Emps.' Ret. Sys. v. Scotts Miracle-Gro Co., N.V.*, 2025 WL 669537, at *1 (S.D. Ohio Mar. 3, 2025). However, consolidation does not require that related actions be identical. *See id.* (noting courts' discretion to consolidate actions "as long as there are some common questions of law or fact").

Here, the Related Actions are well-suited for consolidation. Both rely on the same underlying facts, assert the same false and misleading statements and omission in the Registration Statement, and bring claims under the Securities Act against the same defendants. In addition, because the Related Actions are based on similar facts and involve the same subject matter, the same discovery will be relevant to both actions. *See Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *3 (M.D. Tenn.

3

Jan. 27, 2020) (consolidating two related securities class actions that "(1) allege violations of federal securities laws; (2) name many of the same defendants; (3) are based on the same allegedly wrongful conduct related to [defendant issuer's] IPO and its associated documents; and (4) seek verification of highly-overlapping, if not identical, investor classes"). Accordingly, the Pension Funds respectfully submit that the Related Actions should be consolidated under Rule 42(a) and the PSLRA.

### III. CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request that the Court: (1) consolidate the Related Actions pursuant to Rule 42; and (2) grant any such other and further relief as the Court may deem just and proper.

Dated: November 17, 2025              Respectfully submitted,

By: /s/ *Matthew I. Henzi*
Matthew I. Henzi (P57334)
**ASHERKELLY, PLLC**
25800 Northwestern Hwy Suite 1100
Southfield, MI 48075
Tel: (248) 746-2762
mhenzi@asherkellylaw.com

*Local Counsel for Proposed Lead Plaintiff the Pension Funds*

**SAXENA WHITE P.A.**
Marco A. Dueñas (admission forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 216-2220
mduenas@saxenawhite.com

4

>Maya Saxena (admission forthcoming)
>Lester R. Hooker (admission forthcoming)
>7777 Glades Road, Suite 300
>Boca Raton, FL 33434
>Tel.: (561) 394-3399
>Fax: (561) 394-3382
>msaxena@saxenawhite.com
>lhooker@saxenawhite.com
>
>**LABATON KELLER SUCHAROW LLP**
>Francis P. McConville
>Connor C. Boehme (admission forthcoming)
>140 Broadway
>New York, New York 10005
>Tel.: (212) 907-0700
>Fax: (212) 818-0477
>fmcconville@labaton.com
>cboehme@labaton.com
>
>*Counsel for Proposed Lead Plaintiff the Pension Funds, and Proposed Lead Counsel for the Class*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 17, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ Matthew I. Henzi*
Matthew I. Henzi

4899-0661-6186, v. 1